UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROBERT L. WARREN,

                  Plaintiff,

-against-

D.S.S. of N.Y., Agency Attorney MELISSA
WAGNER, Dept. of Social Services of New
York City,

                  Defendants.
----------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
17-CV-419 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On January 18, 2017, Plaintiff Robert L. Warren, appearing *pro se*, filed this action against two Defendants, the New York City Human Resources Administration, Department of Social Services ("DSS") and a DSS attorney, Melissa Wagner ("Wagner").[1] (Compl., Dkt. 1.) On February 2, 2017, Plaintiff filed an Amended Complaint. (Am. Compl., Dkt. 5.) Plaintiff seeks $50 million in damages for "'Estate Fraud' Recovery," alleging that Defendants filed a "false Medicaid claim" under Plaintiff's late mother's name, and "collect[ed] on Multiple Liens that turned automatically into Claims." (*Id.* at 5.) The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and directs Plaintiff to file a second amended complaint within 30 days of this Order.

---

[1] "Under the New York City Charter, [the New York City Human Resources Administration] (referred to in the Charter as the Department of Social Services) is the mayoral agency charged with upholding the City's responsibilities under the social services law. *See* NYC Charter §§ 601–604." *Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133, 141 (2d Cir. 2004) (citation and quotation marks omitted).

**BACKGROUND**

Plaintiff is the son of decedent Martha Mayes ("Mayes"). (Am. Compl. at 5.) Plaintiff specifically alleges that Defendants filed a "false Medicaid claim on July 12, 2011" and that they "knowingly, intentionally and recklessly collected ([$]300,000) on (8/24/2014) from [his] late mother's (Martha P. Mayes) Estate." (Am. Compl. at 5.) Based on exhibits Plaintiff attached to the Amended Complaint, the Court infers that Mayes obtained a $1.2 million settlement from what appears to be a private suit (*id.* at Exhibit 1C, Dkt. 5-1 at ECF 5),[2] and that she was also subject to a lien based on her receipt of Medicaid benefits from September 23, 2001, through April 21, 2008. (*Id.* at Exhibit 1A, Dkt. 5-1 at ECF 1-2.) DSS, through its attorney Wagner, has filed a claim with the Surrogate's Court of the State of New York against the Estate of Martha Mayes.[3] (*See* Am. Compl., Exhibit 1A Dkt. 5-1.)

**STANDARD OF REVIEW**

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (per curiam) (quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

---

[2] The Court refers to the page numbers generated by the court's Electronic Case Filing ("ECF") system, and not the document's internal pagination.

[3] Plaintiff does not provide the status of the proceedings in the Surrogate's Court.

2

555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. Subject Matter Jurisdiction

In an individual civil action, federal subject matter jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

Here, there is neither federal question nor diversity jurisdiction. Plaintiff's Amended Complaint, which only alleges a claim of fraud, does not plead a cause of action created by federal law, nor does the claim turn on substantial questions of federal law.[4] "'The party invoking federal

---

[4] Plaintiff incorrectly states in his Amended Complaint that the basis for federal jurisdiction for his fraud claim is federal question. (*See* Am. Compl. at 4 (asserting that there is a basis for jurisdiction under federal question given "[t]he Code of Federal Regulations Binded [sic] by the U.S. Federal Statute Under What Federal Medicaid Law Provisions [sic] was my late mother (Martha P. Mayes) Protected Under.") However, Plaintiff's claim is simply a claim of fraud. "The mere mention of a federal statute in a Complaint does not establish that federal law creates a cause of action." *Ohio v. Jones*, No. 5:12–CV–01134, 2012 WL 2412153, at *2 (N.D. Ohio Jun. 26, 2012) (holding that the district court lacked federal question jurisdiction where plaintiff brought a

3

jurisdiction bears the burden of establishing' that jurisdiction exists." *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). According to the Amended Complaint, Plaintiff resides in Jamaica, New York. (Am. Compl. at 2.) One Defendant is a New York City agency and the other is an employee of that agency. (*Id.*) Because complete diversity among parties is lacking, there is no basis for diversity jurisdiction. *See Greenidge v. NYCHA New York City Hous. Auth.*, No. 15–CV–1366, 2015 WL 5518481, at *5 (E.D.N.Y. Sept. 16, 2015) (finding no basis for diversity jurisdiction where plaintiff who lived in Brooklyn sued a New York City agency).

Because Plaintiff's pleading does not suggest any possible basis for federal-question jurisdiction or diversity jurisdiction, this Court does not have subject matter jurisdiction over his claim against Defendants.[5]

## II. Plaintiff, a Non-Attorney, Cannot Represent the Interest of His Late Mother or the Estate.

Even if the Court had jurisdiction over Plaintiff's claim, he might not be able to represent the interest of his mother's Estate. While "parties may plead and conduct their own cases personally," 28 U.S.C. §1654, "unlicensed laymen [are not allowed] to represent anyone else other

---

suit against the fiduciary of the estate of a prior Medicaid recipient seeking to collect on a Medicaid claim).

[5] Even if the Court had jurisdiction over Plaintiff's claim, his action would still have to be dismissed because (1) he cannot sue DSS, *see* N.Y.C. Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); and (2) the Complaint does not satisfy the pleading standard that applies to fraud claims. *See* Fed. Rule of Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015) (Rule 9(b) "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." (citation and internal quotation marks omitted)).

than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation and internal quotation marks omitted). "In the estate context . . . the Second Circuit has held that 'the administrator and *sole beneficiary* of an estate with *no creditors* may appear *pro se* on behalf of the estate' because this individual 'is the only party affected by the disposition of the suit' and therefore is 'in fact, appearing solely on his own behalf.'" *Naughton v. Naughton*, No. 11–CV–2865, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011) (quoting *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)). However, "an administrator or executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Guest*, 603 F.3d at 20 (alterations in the original omitted) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). In this case, Plaintiff has not alleged that he is the sole beneficiary of his mother's Estate or that the Estate has no creditors. Indeed, Plaintiff asserts that DSS has multiple liens against the Estate, although it is unclear as to the status of DSS's collection of its Medicaid liens. Therefore, Plaintiff has not demonstrated that he may appear *pro se* to challenge DSS's Medicaid lien against his mother's Estate.

## **CONCLUSION**

While the Court cannot envision that Plaintiff's claim against Defendants could be properly pled to establish subject matter jurisdiction, out of an abundance of caution, Plaintiff is directed to file a second amended complaint within 30 days of this order establishing subject matter jurisdiction. Furthermore, to the extent Plaintiff seeks to bring a claim of fraud against DSS and its employees for their conduct, the second amended complaint must, as explained in footnote 5, (1) be only against the City of New York and (2) allege sufficient facts to state this claim with the requisite particularity. Moreover, to the extent that Plaintiff challenges the lien or Medicaid claim on behalf of the Estate of Martha Mayes, Plaintiff must allege that he is "the administrator and

*sole beneficiary* of an estate with *no creditors* . . . ." *Naughton*, 2011 WL 370192, at *2.[6]  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2017
Brooklyn, New York

---

[6] The Court notes that the original Complaint listed three plaintiffs, Kimberly Warren, Robert L. Warren, and the Warren Family. (Compl.)  However, the Amended Complaint listed only Robert L. Warren as the Plaintiff. (Am. Compl.)