UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROBERT L. WARREN,

                      Plaintiff,

-against-

D.S.S. of N.Y., Agency Attorney MELISSA
WAGNER, Department of Social Services
of New York City, HESHAM MAKHLOF,
MONA BARAT, LUIS ROSENBLATT,
Public Administrator,

                      Defendants.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
17-CV-419 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On January 18, 2017, Plaintiff Robert L. Warren, appearing *pro se*, filed this action against two Defendants, the New York City Human Resources Administration, Department of Social Services ("DSS"), and a DSS attorney, Melissa Wagner ("Wagner"). (Compl., Dkt. 1.) On February 2, 2017, Plaintiff filed an Amended Complaint. (Am. Compl., Dkt. 5.). On Apri. 12, 2017, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed Plaintiff to file a second amended complaint within 30 days. (Mem. & Order, Dkt. 6.) On June 5, 2017, Plaintiff filed a Second Amended Complaint. (Second Am. Compl. ("SAC"), Dkt. 8.) For the reasons set forth below, this action is dismissed.

## BACKGROUND

Plaintiff is the son of decedent Martha Mayes. (SAC at 5.) As in the prior complaints, Plaintiff alleges that Defendants filed "a false Medicaid claim on July 12, 2011," and that they "knowingly, intentionally and recklessly collected ([$]300,000) on 8/21/14 from [his] late mother's estate." (*Id.*) In the Second Amended Complaint, Plaintiff argues that he does not bring

the claim as an Administrator of his mother's estate, but as her "Kin, Heir, Beneficiary, only SON who is also known as an 'ORIGINAL SOURCE' who has inside information in pure detail of all matters in question." (Statement of Amended Claim, Dkt 8-1 at 1.) Plaintiff admits that he is not the sole beneficiary of his mother's estate. (*Id.*) Plaintiff alleges that his sister, Kimberly Warren, was the Administrator of the Estate and was issued letters of administration, which were later revoked. (*Id.* at 2, 4.)

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

As this Court has stated in its previous April 12, 2017 Memorandum and Order, Plaintiff, as a non-attorney, cannot represent the interests of his mother's estate. While "parties may plead and conduct their own cases personally," 28 U.S.C. §1654, "unlicensed laymen [are not allowed]

to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation and internal quotation marks omitted). "In the estate context . . . the Second Circuit has held that 'the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate' because this individual 'is the only party affected by the disposition of the suit' and therefore is 'in fact, appearing solely on his own behalf.'" *Naughton v. Naughton*, No. 11-CV-2865, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011) (quoting *Guest v. Hansen*, 603 F.3d 14, 21 (2d Cir. 2010)). However, "an administrator or executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Guest*, 603 F.3d at 20 (alterations in the original omitted) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). In this case, Plaintiff acknowledges both that he is not the sole beneficiary of his mother's estate and that the estate has creditors based on multiple DSS liens against the estate, which Plaintiff, in fact, seeks to challenge by filing this action. (Statement of Amended Claim, Dkt 8-1 at 1.) Thus, because Plaintiff cannot represent his mother's estate and because Plaintiff's claims are inextricably intertwined with the estate,[1] he cannot proceed with this action.

## CONCLUSION

For the reasons set forth above, this action is dismissed. Any potential state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is

---

[1] Although Plaintiff states that the basis for federal jurisdiction are the violations of his rights under federal statutes and the United States Constitution (*see* SAC, Dkt. 8 at 4), those claims are all based on his allegation that his *mother's estate* was subject to a false Medicaid claim.

denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 16, 2017
      Brooklyn, New York